**In re JACOM COMPUTER SERVICES, INC. and UniCapital Corporation, et al., Debtors.**

**Nos. 00 B 42719(CB) to 00 B 42837(CB).**

United States Bankruptcy Court, S.D. New York.

July 23, 2002.

F.3d at 269.

Cravath, Swaine & Moore, New York City, Evan R. Chesler, Daniel Slifkin, of counsel, for Morgan Stanley & Co., Inc., Salomon Smith Barney, and Friedman, Billings, Ramsey & Co.

Greenberg Traurig, New York City, Richard S. Miller, Robert T. Honeywell, of counsel, for Jacom Computer Services, Inc., UniCapital Corp., et al.

## DECISION REGARDING CLAIMS OF UNDERWRITERS

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

In this confirmed chapter 11 case, the Disbursing Agent under the Plan, UniCapital Corporation, has moved to estimate certain disputed claims so that the Disbursing Agent may identify the universe of Class 5 General Unsecured Claims and establish an appropriate reserve. Claimants Morgan Stanley & Co., Inc., Cravath Swaine & Moore, and Friedman Billings Ramsey & Co., Inc., hereafter known as the Underwriters, have objected to the Debtor's application. Specifically, the Underwriters object to the Debtor's characterization of their claims as subordinated pursuant to 11 U.S.C. § 510(b). The Underwriters contend that their claim against the debtors is for indemnification of costs incurred by the Underwriters in connection with a class action lawsuit filed against the Underwriters and the debtors in connection with the initial public offering of the debtor's stock.

Section 510(b) deals with the subordination of claims arising from the purchase or sale of securities, rescission of such a purchase or sale, or "for reimbursement or contribution allowed under section 502 on account of such a claim". The Debtors appear to argue that the Underwriters' claim is one "for reimbursement or contri-

bution ... on account of" a claim arising from the purchase or sale of securities, and therefore must be subordinated pursuant to the plain language of the statute.

The Underwriters contend that claim arises from its contract with the debtor—the Underwriting Agreement dated May 14, 1998, annexed to the Proof of Claim of Salomon Smith Barney, Inc. This Court refers the parties to Section 7 "Indemnity and Contribution", where the debtors agreed to indemnify and hold harmless the Underwriters.

The issue presented by the Underwriters' motion appears to one of first impression in this Circuit. The parties have directed this Court to the few reported cases that discuss section 510(b). One case, *In re Christian Life Center*, 821 F.2d 1370 (9th Cir.1987), written by the Ninth Circuit, unfortunately deals with section 510(b) BEFORE it was amended in 1984 to include, *inter alia*, the language "for reimbursement or contribution allowed under section 502 on account of such a claim". The *Christian Life* case can therefore offer little if any guidance in interpreting the current statute.

■■■■ Instead, this Court agrees with the analysis of *In re Mid–American Waste Systems, Inc.*, 228 B.R. 816 (Bankr.Del. 1999), written in 1999 by Chief Bankruptcy Judge Walsh in Delaware. In that case, Judge Walsh found that the indemnification claims of a debtor's underwriters for legal expenses incurred in defense of an action commenced by the debtor's shareholders, which action named the underwriters as defendants, for, among other things, securities fraud, should be subordinated pursuant to the plain language of section 510(b).

> [Section] 510(b) intends to subordinate the indemnification claims of officers, directors, and underwriters for both liability and expenses incurred in connection with the pursuit of claims for rescission or damages by purchasers or sellers of the debtor's securities ... It is readily apparent that the rationale for section 510(b) is not limited to preventing shareholder claimants from improving their positions vis-à-vis general creditors; Congress also made the decision to subordinate based on risk allocation.

*In re Mid–American Waste Systems, Inc.*, 228 B.R. 816, 824–26 (Bankr.Del.1999). The inclusion of reimbursement and contribution claims to those subordinated under section 510(b) is simply the addition of "new classes of persons and entities involved with the securities transactions giving rise to the rescission and damage claims." *Id.* at 826. This Court agrees with Judge Walsh that the underwriters are in a better position to allocate risks associated with the issuance of securities and that it is inconsistent with the policies articulated in the legislative history of section 510(b) to force unsecured creditors to subsidize the underwriters' litigation costs. *See also In re Walnut Equipment Leasing Co., Inc.*, 1999 WL 1271762, at *11 (Bankr. E.D.Pa.1999); *In re De Laurentiis Entertainment Group, Inc.*, 124 B.R. 305, 310 (C.D.Cal.1991).

Finally, taking the Underwriters argument that their claim arises from their indemnity contract with the Debtors, this Court notes that the indemnity provision is a provision of the Underwriting Contract. Further, this Court agrees with the analysis outlined in the *De Laurentiis* case: "[r]eimbursement by definition includes indemnification, and indemnification naturally includes recovery of attorneys' fees." 124 B.R. at 308. This Court is not persuaded by Underwriters' characterization of their claim as one for "indemnification" as opposed to "reimbursement" (the term used in the statute).

The Disbursing Agents' application to estimate claims number 295, 488 and 1132 at zero is granted. The attorneys for the Disbursing Agents are directed to settle an order on five business days' notice consistent with this decision.